**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEROME EDWARDS,

     Petitioner-Appellant,

v.

RAYMOND ROBERTS, Former Warden,
El Dorado Correctional Facility;
ATTORNEY GENERAL OF KANSAS,

     Respondents-Appellees.

No. 11-3379

(D.C. No. 5:11-CV-03099-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **MCKAY** and **HOLMES**, Circuit Judges.

---

Jerome Edwards, a Kansas state prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. § 2254 application for federal habeas relief. Because Edwards has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

I

In July 1996, Edwards was convicted by a jury in the District Court of Shawnee County, Kansas, of first-degree felony murder, aggravated robbery, and conspiracy to

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

possess hallucinogenic drugs with intent to sell.  He was sentenced to a term of imprisonment of life plus 58 months.  Edwards filed a direct appeal challenging his convictions.  On March 6, 1998, the Kansas Supreme Court affirmed Edwards' convictions.  State v. Edwards, 955 P.2d 1276, 1280 (Kan. 1998).  Edwards did not file a petition for writ of certiorari with the United States Supreme Court.

On February 5, 1999, Edwards filed a pro se motion for state post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507.  In that motion, Edwards asserted three claims of ineffective assistance of trial counsel and also alleged that the prosecution failed to disclose exculpatory evidence.  The state district court summarily denied Edwards' motion on March 19, 1999.  Edwards appealed to the Kansas Court of Appeals.  On October 20, 2000, the Kansas Court of Appeals affirmed in part and reversed in part. Edwards v. State, No. 83,575 (Kan. Ct. App. Oct. 20, 2000).  More specifically, the Kansas Court of Appeals remanded the case to the state district court for further proceedings on Edwards' claims that his trial counsel was ineffective for failing to call Edwards' mother as an alibi witness and for failing to investigate alleged exculpatory evidence.

On May 23, 2007, the state district court conducted an evidentiary hearing on Edwards' claims.  On November 28, 2007, the state district court denied Edwards' § 60-1507 motion, concluding that there was evidence that Edwards' trial counsel "was aware of possible defense strategies, investigated them, and made the discretionary decision not to employ an alibi defense."  Edwards v. State, No. 99,868, 2009 WL 1858243, at *4

2

(Kan. App. June 26, 2009).

Edwards, represented by newly retained counsel Michael Gunter, appealed to the Kansas Court of Appeals. On June 26, 2009, the Kansas Court of Appeals affirmed the denial of Edwards' § 60-1507 motion. Id. at *1. The Kansas Supreme Court denied review on May 18, 2010.

Nearly a year later, on May 13, 2011, Edwards initiated these federal proceedings by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents moved to dismiss Edwards' petition, arguing that Edwards "failed to file his [petition] within the time allowed by the statute of limitations, 28 U.S.C. § 2244(d)(1)." ROA, Vol. 1 at 102. Noting that Edwards' convictions "became final and the [one-year] federal statute of limitations began running on June 4, 1998," id. at 105, respondents argued as follows:

> Absent any tolling, the statute of limitations expired on June 4, 1999. But on February 5, 1999, after 246 days had run against the statute of limitations, [Edwards] filed [a] motion in state court for post-conviction relief pursuant to K.S.A. 60-1507. This tolled the statute of limitations. 28 U.S.C. § 2244(d)(2).
>
> [Edwards'] K.S.A. 60-1507 motion was initially denied by the state district court on March 19, 1999, and after lengthy litigation through the state appellate process, the case was eventually remanded back to the district court which made its final decision denying post-conviction relief on November 28, 2007. The Kansas Court of Appeals affirmed that denial on June 26, 2009, and the Kansas Supreme Court denied review on May 18, 2010. At that point, [Edwards'] state post-conviction litigation ended and the federal statute of limitations began running again. With 119 days left, absent further tolling or the filing of a federal habeas petition, the statute of limitations expired on September 14, 2010.

3

> [Edwards] filed his application for federal habeas relief by placing it in the prison mail system on May 11, 2011. This was 239 days after the statute of limitations expired. Thus, [Edwards'] application for federal habeas relief is time-barred.

Id. at 105.

In response to the respondents' motion to dismiss as untimely filed, Edwards argued that he was "actually," "factually," and "legally" innocent of the charges of which he was convicted. Id., Vol. 2 at 202. Edwards further argued that the statute of limitations should be equitably tolled because (a) prison officials "ha[d] considerably interfered . . . and prevented [him] from having adequate access to the law library," id. at 201, (b) the prison "legal research and word process programs ha[d] been consistently crashing and preventing [him] from having adequate access to a law library," id., and (c) Gunter, who he thought would represent him in these federal habeas proceedings, was ineffective in several respects, including having misinformed Edwards "that the deadline date to file" a federal habeas petition "was May 18th, 2011," id. at 202. In support of his allegations of ineffective assistance, Edwards submitted an affidavit from Gunter, in which Gunter admitted to (a) having informed Edwards that the deadline for filing a federal habeas petition was "one (1) year . . . from the date of May 18, 2010," id. at 210, and (b) having "abandoned," id. at 211, Edwards in January 2011 "due to . . . financial strains [he] was facing in [his] practice" and because he "felt that [he] did not possess the skill necessary to pursue [a] federal habeas petition as [he] had never been involved in such a case," id. at 210.

4

On March 12, 2012, the district court issued an order granting respondents' motion and dismissing Edwards' petition as untimely. In doing so, the district court noted it was "undisputed that Edwards did not file his petition within the statutory one year period as provided by § 2244(d)(1) and (2)," and that "the petition c[ould] be considered timely filed only if appropriate extraordinary circumstances warrant[ed] equitable tolling of the § 2244(d) limitations period." Id. at 351. The district court concluded that Edwards was not entitled to equitable tolling on the basis of the alleged misconduct of his attorney. Although the district court recognized that attorney misconduct can sometimes be significant enough to justify equitable tolling, id. at 353 (citing Holland v. Florida, 130 S. Ct. 2549 (2010)), it found that "Edwards' untimely filing resulted primarily from his reliance on [Gunter's] failure to properly calculate the expiration date of the § 2244(d)(1) limitation period," id. at 353-54. And the district court further found that, even though Edwards may have relied "on counsel's miscalculated filing date," he did not act with due diligence because he "wait[ed] over four months to file his petition after counsel withdrew." Id. at 354. Lastly, the district court concluded that Edwards' claim of actual innocence did not justify equitable tolling because Edwards had failed to "sustain[] his burden of showing that there [wa]s any new and reliable evidence that ma[de] 'it . . . more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Id. at 355 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Edwards filed a timely notice of appeal. He has since filed a combined opening brief and application for COA.

5

Issuance of a COA is jurisdictional. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court denies a habeas petition on procedural grounds, a COA will be issued only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations to bring habeas petitions under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). The limitation period typically begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." <u>Id.</u> § 2244(d)(1)(A).

In this case, it is uncontroverted that Edwards' convictions became final on June 4, 1998, ninety days after the Kansas Supreme Court affirmed the convictions on direct appeal (as noted, Edwards did not file a petition for writ of certiorari with the United States Supreme Court). <u>See</u> <u>Harris v. Dinwiddie</u>, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Consequently, the one-year limitations period began running on June 5, 1998, and ran

unabated (for approximately 246 days) until February 5, 1999, when Edwards filed his § 60-1507 motion in state district court. The state proceedings on Edwards' § 60-1507 motion ultimately concluded on May 18, 2010, when the Kansas Supreme Court denied review. As a result, the one-year limitations period began running again and expired on September 14, 2010. Edwards did not file his federal habeas petition until May 11, 2011, approximately 239 days after the expiration of the one-year limitations period.

Although Edwards conceded his federal habeas petition was untimely, he alleged that he was entitled to equitable tolling of the limitations period. The Supreme Court has held "that § 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted).

The district court in this case, as we have noted, concluded that the first of these requirements was not satisfied because Edwards "wait[ed] over four months to file his petition after counsel [Gunter] withdrew." Id. at 354. But Edwards alleges that he did so precisely because Gunter advised him that he had until May 18, 2011, to file a timely federal habeas petition. Without deciding whether reasonable jurists could differ on whether Edwards acted diligently after Gunter's withdrawal, we conclude that reasonable jurists could not disagree that Edwards failed to demonstrate due diligence. That is because it is undisputed that Edwards allowed a significant portion of the one-year

7

limitations period, 246 days to be exact, to run without taking any type of action. More specifically, although his convictions became final on June 4, 1998, Edwards took no action thereafter until February 5, 1999, when he filed his pro se § 60-1507 motion in state district court. And, importantly, Edwards was not represented by Gunter during that time period.

Even if we were to assume, for purposes of argument, that Edwards could satisfy the diligence requirement, we are not persuaded that reasonable jurists could differ with respect to the district court's conclusion that Edwards failed to satisfy the remaining requirement for equitable tolling of the one-year limitations period, i.e., the existence of extraordinary circumstances that prevented him from timely filing. As noted, Edwards attempted to satisfy this requirement by asserting that (a) he was denied adequate access to a law library, and (b) Gunter abandoned him and misinformed him regarding the deadline for filing a federal habeas petition. The district court rejected the first of these alleged bases, inadequate access to a law library, noting that Edwards provided no specifics to support his allegations. As for Edwards' allegations regarding Gunter, the district court concluded that these fell within the category of "garden variety claim[s] of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline," that the Supreme Court in Holland indicated "do[] not warrant equitable tolling." 130 S. Ct. at 2564. In other words, the district court concluded that Gunter's conduct, though negligent, was not so extraordinary that it justified equitable tolling. After reviewing the record on appeal, we conclude that reasonable jurists would not

8

disagree on these points.

Edwards also alleged that equitable tolling should be applied because he was actually innocent. The district court properly recognized that "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010). But it concluded that Edwards "ha[d] not sustained his burden of showing that there [wa]s any new and reliable evidence that ma[de] 'it . . . more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" ROA, Vol. 2 at 355 (quoting Schlup, 513 U.S. at 327). We conclude, based on our review of the record, that reasonable jurists would not find this ruling debatable.

The application for COA is DENIED and the appeal is DISMISSED. Edwards' motion to proceed in forma pauperis on appeal is GRANTED.


Entered for the Court


Mary Beck Briscoe
Chief Judge