**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ONETH B. SAVERY,

    Petitioner - Appellant,

v.

HAZEL M. PETERSON,

    Respondent - Appellee.

No. 22-3073
(D.C. No. 5:22-CV-03035-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Petitioner Oneth Savery, a Kansas state prisoner proceeding pro se, seeks a

certificate of appealability (COA) from an order denying his 28 U.S.C. § 2254 petition as

untimely.  Because reasonable jurists would not debate the district court's ruling, we deny

Petitioner's application and dismiss this matter.

In 2011, Petitioner was convicted in state court of several sexually-motivated

crimes.  Petitioner filed the present § 2254 petition in February 2022, after unsuccessfully

challenging his convictions in state court on direct appeal and in post-conviction

proceedings.  _See State v. Savery_, No. 106,116, 2013 WL 192555 (Kan. Ct. App. Jan. 11,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2013); *Savery v. State*, No. 116,266, 2017 WL 3001031 (Kan. Ct. App. July 14, 2017);

*Savery v. State*, No. 122,083, 2020 WL 6106477 (Kan. Ct. App. Oct. 16, 2020). The federal

district court denied Petitioner's § 2254 petition as untimely, determining that he filed it

more than one year after his state-court direct appeal ended (excluding time spent pursuing

state post-conviction relief) and asserted no viable excuse for his untimeliness. *See* 28

U.S.C. § 2244(d)(1)(A), (d)(2). The district court also denied a COA.

Petitioner seeks a COA from this court so that he may appeal the order dismissing

his petition. *See* 28 U.S.C. § 2253(c)(1)(A). When, as here, the district court dismisses a

habeas petition on procedural grounds, we may grant a COA only if Petitioner shows that

reasonable jurists could debate (1) the district court's procedural ruling and (2) the validity

of Petitioner's constitutional claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a sufficient showing as to the first requirement.

At the outset, Petitioner does not dispute the district court's determination that he

filed his petition months after the one-year statutory deadline expired. *See* 28 U.S.C.

§ 2244(d)(1)(A), (d)(2). Instead, he disputes the district court's denial of equitable tolling.[1]

The "one-year statute of limitations is subject to equitable tolling but only 'in rare and

exceptional circumstances.'" *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)

(quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "Equitable tolling of the

limitations period is available 'when an inmate diligently pursues his claims and

---

[1] The district court reviewed both the equitable-tolling and actual-innocence
doctrines for excusing an untimely § 2254 petition. Construing his pro se application for
COA liberally, *see Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002), Petitioner only
appeals the district court's denial of equitable tolling.

demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Simple excusable neglect, however, is insufficient. *Gibson*, 232 F.3d at 808.

To show why no reasonable jurist would disagree with the district court's denial of equitable tolling, it is helpful to outline why Petitioner's § 2254 petition was untimely. The one-year limitations period started the day after Petitioner's "judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Which was approximately January 1, 2014—the day after his ninety-day deadline expired to seek review from the Supreme Court of the United States.[2] *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); Sup. Ct. R. 13(1). The time continued to run until September 16, 2014, when Petitioner filed his first state post-conviction motion. *See* 28 U.S.C. § 2244(d)(2). At that point, approximately 258 days of the year had run, leaving 107 days remaining. The state post-conviction proceedings continued until March 29, 2018, when the Kansas Supreme Court denied a petition for review, at which point the one-year limitation period resumed. *Edwards v. Roberts*, 479 F. App'x 822, 826 (10th Cir. 2012) (unpublished). The one-year period expired approximately 107 days later, on July 14, 2018. Petitioner did not file another state post-conviction motion until March 2019 and did not file the present § 2254 petition until February 2022—both long after the one-year limitations period expired.

---

[2] The district court calculated the date as January 2, 2014. Mathematical precision in this case is unnecessary.

Petitioner fails to identify any action prior to February 2022 demonstrating his diligent pursuit of federal habeas corpus relief. Nor does he identify any circumstance beyond his control which prevented him from timely filing this matter. Petitioner argues appellate counsel during his first state post-conviction proceedings frustrated his pursuit of federal habeas corpus relief, but we fail to see why. Apparently, appellate counsel refused to include a new issue on appeal, forcing Petitioner to file a second state post-conviction motion. But Petitioner could have pursued that second motion (presumably) during or shortly after the resolution of his first state post-conviction motion. He had, after all, 107 days after the conclusion of his first state post-conviction proceedings to file a second motion in state court or file his federal § 2254 petition. He did neither. Petitioner's other arguments for equitable tolling are similarly unpersuasive. It is well established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220 (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). And we do not see how the allegedly ineffective assistance of counsel on direct appeal contributed to his untimely pursuit of federal habeas corpus relief. Because Petitioner fails to allege specific facts showing that he diligently pursued his claims, reasonable jurists could not debate the district court's rejection of equitable tolling.

Accordingly, we **DENY** Petitioner's application for COA and **DISMISS** the appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge

4