(124 P.3d 92)

No. 93,727

In the Matter of the Marriage of KIMBERLEY RAE GURGANUS, *Appellee,* and ALTON O. GURGANUS, *Appellant.*

—

Opinion filed December 16, 2005.

*Arlene M. Burrow,* of Derby, for appellant.

*Tad D. Wagner,* of Wagner Law Office, LLC, of Wichita, for appellee.

Before MCANANY, P.J., GREEN and MARQUARDT, J.J.

MARQUARDT, J.: Alton O. Gurganus appeals the trial court's denial of his motion for termination and reimbursement of military retirement benefits paid to his ex-wife, Kimberley Rae Gurganus, as property settlement pursuant to a settlement agreement. We affirm in part, reverse in part, and remand with directions.

Alton and Kimberley Gurganus were married on July 23, 1987. Kimberley filed for divorce on June 27, 1996. The trial court granted the divorce on January 6, 1997. The trial court incorporated the parties' settlement agreement in its journal entry of divorce.

The agreement stated, in relevant part:

"3. SPOUSAL MAINTENANCE/ALIMONY: The January, 1997 temporary alimony installment shall be the final alimony installment due and payable by Respondent to the Clerk of the District Court. The allocation of one-half of the military retirement pay to Petitioner Kimberley Gurganus shall be intended to substitute for formal spousal support payments, and are critical to the ongoing support needs of Petitioner's family unit.

"4. MILITARY RETIREMENT: The Court awards to Petitioner Kimberley Gurganus one-half (50%) of Respondent Alton O. Gurganus' military retirement pay. Such division should be implemented by Qualified Domestic Relations Order or other such document which will effectuate the Court's order. One-half of the monthly military retirement pay of Respondent shall be set aside and sent by the payor to Kimberley Gurganus, and the remaining half shall be sent to the Respondent. The Court retains jurisdiction to enter appropriate Orders in the future to carry out this provision."

The military retirement benefits are not mentioned anywhere else in the decree. An income withholding order was filed on April 17, 1997, which ordered monthly payments to Kimberley from Alton's military retirement pay of $474 for child support, $500 for maintenance, and $26 for child support and maintenance arrearages.

On September 21, 2004, Alton filed a motion to terminate child support and Kimberley's maintenance payments from his military retirement benefits. He also requested reimbursement for overpayment of child support and "overpayment from military retirement in lieu of spousal maintenance." Alton argued that the chil-

dren ceased living with Kimberley in August 1997; therefore, a "family unit" no longer existed and Kimberley did not have a "critical need" for support after that date. Alton also claimed that Kimberley was not entitled to spousal maintenance because military retirement benefits are not considered part of marital property unless the parties had been married for 10 years or more. In an affidavit filed on November 1, 2004, Alton stated it was always his understanding that the deductions from his military retirement benefits were for spousal maintenance.

The parties presented oral arguments regarding the motion. Alton asserted that according to 10 U.S.C. § 1408(d)(2) (2000), one-half of his military retirement benefits could not be deducted as property because he and Kimberley had not been married for 10 years while he was in the service. If the payments were treated as spousal maintenance, Alton asserted that he was entitled to a reimbursement because the children had not lived with Kimberley from August 1997 to the summer of 2003. Alton maintained that he had attempted to terminate the maintenance payments, but the military told him that the change of custody information from Oklahoma was not enough to terminate the payments. Kimberley responded that the military retirement benefits were considered marital property in the settlement agreement, and 10 U.S.C. § 1408(d)(5) granted the trial court the authority to enter an order dividing the military retirement pay.

The trial court determined that under 10 U.S.C. § 1408, the income withholding order for Alton's military retirement pay should not have been filed. Therefore, the trial court ordered the withholding to cease. The trial court then found that under the terms of the parties' settlement agreement, the military retirement pay was marital property, and the parties intended to set aside one-half of the payments for Kimberley. The trial court stated that it did not have jurisdiction to modify the agreement and ordered Alton to pay one-half of his retirement pay directly to Kimberley. Finally, because the trial court determined that Alton's retirement benefits were marital property, there was no overpayment. An order terminating the military retirement income withholding order was filed on December 3, 2004.

Alton filed a timely notice of appeal. Alton contends that the trial court erred when it ruled the deduction from his military retirement benefits was property and not spousal maintenance. Even though Alton claims he always understood that the deductions from his military retirement benefits were for spousal maintenance, he claims that Kimberley was not entitled to spousal support because: (1) 10 U.S.C. § 1408(d)(2) requires that the parties had to be married for 10 years before Kimberley would be entitled to maintenance payments; (2) Kimberley did not have a "family unit" with "critical ongoing needs" from August 1997 to present; and (3) the separation agreement is invalid because the parties did not come to a "meeting of the minds."

Kimberley counters that the journal entry which incorporated their settlement agreement shows the parties intended the military retirement pay to be marital property and, therefore, the trial court did not err in determining that it did not have jurisdiction to hear a modification of issues settled in the agreement.

Appellate courts apply an abuse of discretion standard in a divorce action when reviewing a trial court's determination of issues, including maintenance, settled by an agreement that has been incorporated into the decree. See *In re Marriage of Bowers*, 23 Kan. App. 2d 641, 643, 933 P.2d 176 (1997). Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 44, 59 P.3d 1003 (2002).

Jurisdiction is a question of law over which this court possesses unlimited review. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

"If the parties have entered into a separation agreement which the court finds to be valid, just and equitable, the agreement shall be incorporated in the decree. . . . Matters settled by an agreement incorporated in the decree, other than matters pertaining to the legal custody, residency, visitation, parenting time, support or education of the minor children, shall not be subject to subsequent modification by the court except: (A) As prescribed by the agreement or (B) as subsequently consented to by the parties." K.S.A. 2004 Supp. 60-1610(b)(3).

A trial court does not have subject matter jurisdiction to modify a maintenance agreement if the agreement specifies the only man-

ner by which it can be modified. See *In re Marriage of Jones*, 22 Kan. App. 2d 753, 764, 921 P.2d 839, *rev. denied* 260 Kan. 993 (1996).

Here, the trial court determined that the parties' settlement agreement was fair and equitable, and the agreement provided that "[n]o modification or waiver of any terms of this agreement shall be valid unless in writing and executed with the same formality as this agreement." The parties have not executed a modification of the agreement. Thus, the trial court did not, and this court does not, have jurisdiction to modify its terms.

Alton argues that the agreement is ambiguous as to whether the payment of his retirement benefits constitutes spousal maintenance or property division. "The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review. Regardless of the construction given a written contract by the trial court, an appellate court may construe a written contract and determine its legal effect. [Citation omitted.]" *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 763, 27 P.3d 1 (2001).

If the terms of a contract are clear and unambiguous, the contract must be given its plain and ordinary meaning. *First Financial Ins. Co. v. Bugg*, 265 Kan. 690, 694, 962 P.2d 515 (1998). The fundamental rule of construction is that courts will not rewrite a contract by construction if it is clear and unambigous. *Thomas v. Thomas*, 250 Kan. 235, 244, 824 P.2d 971 (1992).

The language in a contract is ambiguous when the words used to express the meaning and intention of the parties are insufficient, in the sense that the contract may be understood to reach two or more possible meanings. *Mays v. Middle Iowa Realty Corp.*, 202 Kan. 712, 718, 452 P.2d 279 (1969). If a contract is not ambiguous, it must be enforced according to its terms, for the law presumes the parties understood their contract and that they had the intention which its terms import. If the court finds that the contract is unambiguous, the intent of the parties should be determined from a consideration of the instrument itself in its entirety. *In re Estate of Murphy*, 226 Kan. 424, 427, 601 P.2d 1096 (1979).

We agree with the trial court's determination that the settlement agreement was not ambiguous. However, we do not agree with the trial court's interpretation that Alton's military retirement benefits were property. In paragraph 1 of the agreement, entitled "Property and Debts," there is no mention of Alton's military retirement benefits. The only time that the military retirement benefits are mentioned is in paragraph 3, entitled "Spousal Maintenance/Alimony," and in paragraph 4, entitled "Military Retirement." We do not understand how the trial court could have concluded that the military retirement pay was property, and we reverse that finding. Paragraph 3 of the settlement agreement states that Alton's payment of one-half of his military retirement benefits was "intended to substitute for formal spousal support payments." These payments to Kimberley were clearly intended to be maintenance, and as such, the payments have tax implications for both parties.

Alton argues that 10 U.S.C. § 1408(d)(2) bars Kimberley from receiving his military retirement pay as spousal support because they were not married for 10 years. According to 10 U.S.C. § 1408(d)(2),

"If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired pay of the member as property of the member or property of the member and his spouse."

Kansas has only interpreted 10 U.S.C. § 1408(d) in the context of military retirement pay versus disability pay. See *In re Marriage of Wherrell*, 274 Kan. 984, 58 P.3d 734 (2002); *In re Marriage of Bahr*, 29 Kan. App. 2d 846, 32 P.3d 1212 (2001), *rev. denied* 273 Kan. 1035 (2002); *In re Marriage of Pierce*, 26 Kan. App. 2d 236, 982 P.2d 995, *rev. denied* 268 Kan. 887 (1999). Kansas courts have not considered whether military pay can be divided with an ex-spouse in a divorce. Other courts have interpreted this provision as only preventing payments directly from the military. There is no prohibition on the parties contracting to pay an ex-spouse a portion of these payments. See *Mansell v. Mansell*, 490 U.S. 581, 104 L.

Ed. 2d 675, 109 S. Ct. 2023 (1989). 10 U.S.C. § 1408(d)(2) does not prevent a party from agreeing in a separation agreement to pay an ex-spouse a portion of his or her military retirement pay; it merely requires that if not married for 10 years, the retiree must make the payment directly to the ex-spouse, rather than having the government withhold the money and make the payments. Here, Alton agreed to pay Kimberley one-half of his monthly military retirement benefits and he must make those payments to Kimberley himself.

Next, Alton contends that Kimberley has not been entitled to the military retirement payments since August 1997, because the children have not lived with her and, thus, the payments have not been critical to the ongoing support of Kimberley's family unit. According to the record on appeal, the Gurganuses' son was emancipated in August 1997, and their daughter lived with Alton from August 1997 to the summer of 2003. The agreement states: "The allocation of one-half of the military retirement pay to Petitioner Kimberley Gurganus shall be intended to substitute for formal spousal support payments, and are critical to the ongoing support needs of Petitioner's family unit." This language does not suggest, as Alton argues, that Kimberley's receipt of the military pay was conditioned upon the children living with her.

Lastly, Alton contends that he is entitled to reimbursement from Kimberley for the military retirement payments she has received thus far. Alton has failed to provide any evidence that Kimberley has received over one-half of his military retirement pay. Thus, the trial court did not abuse its discretion in determining Alton was not entitled to any reimbursement from Kimberley.

Affirmed in part, reversed in part, and remanded with directions to the trial court to designate Alton's military retirement pay as spousal maintenance.