(73 P.3d 772)

No. 89,647

JEROME EDWARDS, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed July 25, 2003.

*Gary C. West*, of Topeka, for appellant.

*Deborah L. Hughes*, assistant district attorney, *Robert D. Hecht*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., ELLIOTT and LEWIS, JJ.

RULON, C.J.: In this interlocutory appeal, the movant Jerome Edwards contends the district court improperly denied his motion to amend his 60-1507 motion alleging ineffective assistance of counsel. Movant claims the district court erroneously found this court's mandate precluded consideration of additional issues upon remand.

We affirm in part, reverse in part, and remand for further proceedings.

Previously, movant appealed the summary denial of his 1507 motion to this court. In that appeal, movant raised two issues: first, he claimed ineffective assistance of trial counsel deprived him of a fair trial; second, he claimed the State failed to disclose exculpatory evidence. See *Edwards v. State*, No. 83,575, unpublished opinion, filed October 20, 2000.

Specifically, movant claimed his trial counsel was ineffective in failing to call his mother as an alibi witness; in failing to investigate alleged exculpatory evidence; and in failing to object to the use of a peremptory strike on the basis of gender.

Under the applicable standard of review, this court determined the record did not conclusively demonstrate that, had the movant been able to present evidence of his alibi and alternate theories of the crime, he would not be entitled to relief. As such, this court remanded the case for further proceedings related to those two claims but affirmed the district court's summary denial of the movant's other claims.

After the district court received the mandate from this court, movant sought to amend his 1507 motion to add claims of ineffective assistance of counsel for failing to investigate claims that an-

other individual could have committed the crime; for failing to permit the movant to testify at his trial; for failing to impeach key witnesses for the prosecution; for failing to properly object to misleading evidence admitted by the State; and for failing to use alibi witnesses and other exculpatory evidence.

When the motion to amend his 1507 motion was denied, movant filed a motion to reconsider, specifically alleging that newly discovered evidence further demonstrated the ineffective assistance of trial cousel. The motion for reconsideration alleged that evidence available before trial demonstrated that another individual could have been responsible for the crime for which the movant was ultimately convicted; that trial counsel prevented the movant from testifying at his own trial; that trial counsel ignored alibi witnesses, including his grandmother as well as his mother; and that trial counsel failed to use exculpatory evidence with respect to the damage on the car to impeach a prosecution witness.

The question posed before this court is rather limited in scope. Normally, the granting or denying of a motion to amend is within the sound discretion of the district court. See *Hibbert v. Ransdell*, 29 Kan. App. 2d 328, 335, 26 P.3d 721 (2001). However, as the merits of movant's 1507 action were not considered by the district court, the sole issue to be here decided is if the district court properly found the mandate from this court prohibited the district court from considering additional factual bases for the ineffective assistance of counsel claim.

When a decision of a district court has been reversed and remanded for further proceedings, the district court is obliged to effectuate the mandate from the appellate court and may not consider matters which are not essential to the implementation of the ruling of the appellate court. Interpretation of the mandate and a determination of the district court's compliance with that mandate involve questions of law, over which this court has unlimited review. See *In re Marriage of Bahr*, 29 Kan. App. 2d 846, 847, 32 P.3d 1212 (2001), *rev. denied* 273 Kan. 1035 (2002) (citing *Kansas Baptist Convention v. Mesa Operating Ltd. Partnership*, 258 Kan. 226, 231, 898 P.2d 1131 [1995]).

Where the mandate of an appellate court merely reverses a ruling of the district court and remands the case for further proceedings but does not direct the judgment of the district court, the district court has discretion to preside over the remaining trial proceedings, as if the district court had originally made the ruling mandated by the appellate court. See *Waddell v. Woods*, 160 Kan. 481, 483-84, 163 P.2d 348 (1945). In other words, a district court may address those issues necessary to the resolution of the case that were left open by the appellate court's mandate. See *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951 (Fed. Cir. 1997) (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256, 40 L. Ed. 414, 16 S. Ct. 291 [1985]; *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 765, 767 [9th Cir. 1987]).

However, where the appellate court has decided a particular issue, by explicit language or by necessary implication, the district court is foreclosed from reconsidering such an issue. See *Guidry v. Sheet Metal Wkrs. Intern. Ass'n, Local 9*, 10 F.3d 700, 705-06 (10th Cir. 1993). See also *Laitram Corp.*, 115 F.3d at 951 ("Although the district court cites much authority for the proposition that issues decided implicitly by courts of appeals may not be reexamined by the district court, the rule is actually applicable only to those issues decided by *necessary* implication.").

Generally, an explicit ruling of the appellate court is easily identified upon a careful reading of the opinion. An implicit ruling may be more difficult to ascertain, but we adopt a three-pronged test for determining that a prior decision has foreclosed further inquiry into a subject: (1) the issue necessarily had to have been considered in the prior appeal in order to reach a decision; (2) consideration of the issue on remand would abrogate the appellate court's decision; or (3) the issue is so closely related to an issue explicitly resolved by the appellate court that no additional consideration is necessary. See *Guidry*, 10 F.3d at 707.

If an issue could have been raised in a prior appeal but was not raised in that appeal, an appellate court should not consider the issue on a second appeal, even if the issue was not explicitly or implicitly decided on the first appeal. See *Kansas Baptist Convention*, 258 Kan. at 231. Such refusal to consider fosters the practical

goals of encouraging the finality of litigation and discouraging appellants from repeatedly appealing their cases in hopes that a different panel of judges might be more sympathetic to their plight. See *United States v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998).

Here, in his motion to amend, movant claimed he told his trial attorney about another inmate of the Shawnee County jail, Shawn Carter, who was being held in connection with a crime very similar to the crime for which the movant was charged. Shawn Carter allegedly told movant that Carter had been present at the crime the movant had allegedly committed and knew that movant had not committed the crime. The movant supposedly informed his trial attorney of this, as well. Movant now argues the failure to investigate such reports constitutes ineffective assistance with movant's defense.

In movant's first appeal to this court, one of the issues remanded for further proceedings concerned the movant's claim his trial counsel failed to investigate evidence the movant provided which might have pointed to an alternate perpetrator of the crime.

While the movant's allegations concerning Shawn Carter were first raised in his motion to amend, such pertain to the reasonableness of trial counsel in failing to investigate the defendant's allegations that someone else perpetrated the crime for which movant was charged. Aside from the facts used to support the claims, there is virtually no difference between this new claim and the movant's original claim. Both claims may be reduced to a single allegation that movant's trial counsel neglected to investigate the movant's contentions that others were responsible for the crime. This issue was clearly included in the mandate for the district court's consideration. See *Waddell*, 160 Kan. at 483-84. As such, the district court was not barred by the mandate of this court from permitting, in its discretion, an amended motion to allege that the movant's trial counsel provided ineffective assistance in failing to investigate the movant's claims that Shawn Carter was involved in the crime.

The movant further sought to amend his 1507 action to allege his trial counsel prohibited movant from testifying, even though

movant wanted to testify. This was not an issue raised in the movant's original 1507 motion.

Although the record does not clearly indicate when movant asserted his constitutional right to testify on his own behalf, the issue clearly was not raised in the original motion and, consequently, was not included in the mandate from this court to the district court. Ordinarily, an issue that was not presented to the appellate court on an initial appeal is not properly considered by the district court in implementing the mandate, unless it is necessary to the resolution of the mandate. See *Marriage of Bahr*, 29 Kan. App. 2d at 847.

To the extent movant has questioned the effectiveness of his trial counsel by failing to properly investigate and present his defense, evidence his trial counsel failed to inform the movant of his right to testify and actively discouraged him from testifying is certainly relevant. However, a complete resolution of the specific claims raised in the movant's original motion does not encompass the consideration of a denial of the right to testify.

Because consideration of this issue was neither explicitly nor implicitly mandated by this court and because consideration of the issue is not necessary to effect a resolution of this case, the district court was barred from considering this claim and properly dismissed same by denying the movant's attempts to amend his 1507 motion. See *Marriage of Bahr*, 29 Kan. App. 2d at 847.

Movant further sought to amend his motion to allege his trial counsel improperly refused to admit photographic evidence demonstrating damage to the car the movant was allegedly driving on the night of the crime. Movant argues this evidence could have been used to impeach the testimony of Larry Huggins.

This issue was considered and rejected by this court in the movant's first appeal. ("We have examined Edwards' remaining ineffective assistance of counsel claims and determined that he could not have been prejudiced by counsel's decisions and performance in those areas.").

The mandate of this court clearly encompassed this claim and foreclosed the district court from again considering such claim. See *Guidry*, 10 F.3d at 705 ("The 'law of the case' doctrine requires

every court to follow the decisions of the courts that are higher in the judicial hierarchy. [Citations omitted.] The doctrine applies to issues previously decided . . . either explicitly or by necessary implication."). See also *Illinois Cent. Gulf R. Co. v. International Paper*, 889 F.2d 536, 539 (5th Cir. 1989) ("Under the 'law of the case' doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.").

Upon remand, in his motion to amend, movant further claimed his trial counsel was ineffective in permitting the State to introduce misleading evidence without objection. Despite having no foundation for this claim, movant asserts the district court should have permitted movant to amend his 1507 motion to include this factual basis for ineffective assistance of counsel. Because this claim was not included in movant's original 1507 motion, which this court previously considered, this claim is not encompassed within the mandate to the district court. As such, the issue should not be considered by the district court in attempting to implement the mandate of this court. See *Marriage of Bahr*, 29 Kan. App. 2d at 847.

Finally, upon remand, the movant attempted to amend his 1507 motion to allege he informed his trial counsel of an additional alibi witness besides his mother, namely his grandmother. As this court remanded the issue pertaining to the alleged failure to investigate the movant's alibi for an evidentiary hearing, an exploration of this issue, like the issue of trial counsel's failure to investigate an alternate perpetrator of the crime, was properly before the district court within the mandate of this court. See *Waddell*, 160 Kan. at 483-84. Consequently, an amendment to include additional factual bases for this claim was not barred by this court's mandate, and the district court had the discretion to grant or deny such amendment. See *Hibbert*, 29 Kan. App. 2d at 335.

We conclude that the district court is not barred by the appellate court mandate from permitting an amended 1507 motion on the claims that trial counsel failed to investigate the movant's claims that Shawn Carter had committed the crime for which he was

convicted and that trial counsel failed to investigate a potential alibi witness, the movant's grandmother. The district court's rulings are otherwise affirmed. The case is remanded for a hearing on the movant's 1507 claims, as amended within the district court's discretion.