NOT DESIGNATED FOR PUBLICATION

No. 119,674

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY D. MCINTYRE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed November 8, 2019. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER, J., and LAHEY, S.J.

PER CURIAM: Terry D. McIntyre appeals the district court's summary denial of his second K.S.A. 60-1507 motion. He raises two issues. First, McIntyre contends the district court erred because it was required to conduct a full evidentiary hearing on remand to comply with the mandate from our court. Second, McIntyre claims the district court applied an incorrect legal standard when evaluating his claims of ineffective assistance of appellate counsel. Upon our review, we find no error and affirm the district court's summary denial of the second K.S.A. 60-1507 motion.

1

FACTUAL AND PROCEDURAL BACKGROUND

This case has a long procedural history involving multiple proceedings in our state and federal courts. In 2000, a jury found McIntyre guilty of rape, aggravated kidnapping, kidnapping, aggravated robbery, and aggravated criminal sodomy. The district court sentenced McIntyre to a controlling sentence of 645 months in prison. Our court affirmed McIntyre's convictions in *State v. McIntyre*, No. 86,715, unpublished opinion filed April 26, 2002 (Kan. App.), *rev. denied* 274 Kan. 1116 (2002) (*McIntyre I*). On his direct appeal, McIntyre was represented by Autumn L. Fox.

In April 2002, McIntyre brought a pro se legal malpractice lawsuit against his trial counsel, James Rumsey. The district court granted summary judgment against McIntyre, and our court affirmed. *McIntyre v. Rumsey*, No. 90,200, 2003 WL 22990205, at *4 (Kan. App. 2003) (unpublished opinion) (*McIntyre II*).

In September 2002, McIntyre filed a pro se K.S.A. 60-1507 motion, asserting that Rumsey provided ineffective assistance of counsel during trial and Fox provided ineffective assistance on direct appeal. The district court held a four-day evidentiary hearing on McIntyre's 36 claims of ineffective assistance of trial and appellate counsel. The district court denied McIntyre's K.S.A. 60-1507 motion, finding that his ineffective assistance claims were without merit.

McIntyre appealed the district court's denial of his first K.S.A. 60-1507 motion, claiming the district court ignored his claims of ineffective assistance. He retained John W. Fay as appellate counsel. Our court affirmed and found the district court's "comprehensive" decision provided extensive findings and conclusions which addressed the issues that McIntyre raised. *McIntyre v. State*, No. 94,786, 2007 WL 1309576, at *1 (Kan. App. 2007) (unpublished opinion) (*McIntyre III*).

2

In March 2008, McIntyre sought federal habeas corpus relief. The United States District Court for the District of Kansas, however, denied McIntyre's writ in *McIntyre v. McKune*, No. 08-3089-SAC, 2011 WL 686120 (D. Kan. 2011) (unpublished opinion) (*McIntyre IV*). The Tenth Circuit Court of Appeals denied McIntyre's request for a certificate of appealability and in November 2012 the United States Supreme Court denied certiorari.

In December 2012, McIntyre filed a second K.S.A. 60-1507 motion—which is the subject of this appeal. In this motion, McIntyre claimed that Fay provided ineffective assistance during the appeal of the denial of his first K.S.A. 60-1507 motion. According to McIntyre, Fay provided ineffective assistance by failing to reassert the 36 issues that McIntyre raised in district court. McIntyre claimed this failure resulted in the federal court holding that he procedurally defaulted on the 36 issues which precluded federal court review.

The district court denied McIntyre's second K.S.A. 60-1507 motion. In denying the motion, the district court did not address whether the pleading was timely filed or whether Fay was ineffective in his appellate representation. Instead, the district court ruled as a matter of law that McIntyre had no constitutional or statutory right to effective assistance of retained counsel during the appeal of his first K.S.A. 60-1507 motion.

McIntyre timely appealed, contending the district court erred by finding that he had no right to effective assistance of retained counsel on appeal during his first K.S.A. 60-1507 motion. Our court affirmed the district court's summary denial of McIntyre's second K.S.A. 60-1507 motion in *McIntyre v. State*, No. 111,580, 2015 WL 4094258, at *3 (Kan. App. 2015) (unpublished opinion) (*McIntyre V*). We held that McIntyre's motion was not timely filed within the one-year limitation period, and he failed to claim any exception for manifest injustice as permitted under K.S.A. 60-1507(f)(2). 2015 WL 4094258, at *3. Having found that McIntyre's second K.S.A. 60-1507 motion was

3

procedurally barred, we declined review on the merits of the district court's ruling and concluded that the district court reached the correct result but for a different reason. 2015 WL 4094258, at *3-4.

Our Supreme Court granted review and reversed our decision in *McIntyre v. State*, 305 Kan. 616, 385 P.3d 930 (2016) (*McIntyre VI*). The Supreme Court determined that "[i]n order for the district court to consider the merits of McIntyre's motion, it therefore had to reach the threshold conclusion that it was extending the filing time to prevent manifest injustice." 305 Kan. at 617-18. Because the State failed to object to the district court's extension of the filing time, the Supreme Court reversed our affirmance based on the procedural bar of K.S.A. 60-1507(f). The Supreme Court then remanded the case to our court with directions to resolve the issue McIntyre raised in his brief on appeal. 305 Kan. at 618.

On remand from the Supreme Court, our court considered McIntyre's argument that the district court erred by finding that a K.S.A. 60-1507 movant represented by retained appellate counsel has no statutory right to effective legal assistance. In response to McIntyre's argument, the State asserted that even if the district court's decision was erroneous, any error was harmless "'because the record, motion and files demonstrated McIntyre was not entitled to any relief.'"

In *McIntyre v. State*, 54 Kan. App. 2d 632, 643, 403 P.3d 1231 (2017) (*McIntyre VII*), our court reversed the district court and held that McIntyre had a statutory right to effective assistance from his retained appellate counsel during his first K.S.A. 60-1507 motion. We declined to hold the error harmless "because such a finding would require us, as an appellate court, to resolve factual matters related to the claimed ineffectiveness of retained appellate counsel and the record on appeal is insufficient for de novo review." 54 Kan. App. 2d at 643. Accordingly, we remanded the case to the district court "with directions to consider whether McIntyre's retained appellate counsel provided ineffective

4

assistance on appeal of the denial of McIntyre's first K.S.A. 60-1507 motion." 54 Kan. App. 2d at 643.

On remand in the district court, the State asked to respond to McIntyre's second K.S.A. 60-1507 motion by submitting a motion for summary denial. The district court granted the State's request, reasoning that the case had returned to "step one" and should be evaluated to determine whether summary denial was proper. McIntyre's attorney agreed with the suggested procedure, stating:

> "Judge, I think that is right. As you say that, maybe I am jumping ahead by getting an expert, just anticipating there is going to be issues of fact. It strikes me that there probably are, but that doesn't mean I am right. . . .
>
> . . . .
>
> "But certainly, [if] it doesn't warrant an evidentiary hearing, or only warrants a preliminary hearing, and I think the Court can make that decision."

The State moved to deny McIntyre's second K.S.A. 60-1507 motion. The State argued that McIntyre's allegations were conclusory and unsupported by the record, Fay's performance was objectively reasonable, and McIntyre failed to show prejudice from any allegedly defective performance. In response, McIntyre argued that the "mandate rule" prevented the district court from granting the State's motion. McIntyre also asserted that his second K.S.A. 60-1507 motion raised issues of fact and law which required an evidentiary hearing.

The district court summarily denied McIntyre's second K.S.A. 60-1507 motion. In particular, the district court found that none of the appellate decisions required a full evidentiary hearing on McIntyre's motion. After reviewing the 36 issues that McIntyre claimed Fay should have raised, the district court ruled that each issue was meritless. The district court concluded that Fay's representation was not deficient and, even if it was deficient, McIntyre had not shown prejudice in his appeal.

5

McIntyre appeals.

APPELLATE MANDATE

McIntyre contends the district court erred by summarily denying his second K.S.A. 60-1507 motion because the court was required to conduct a full evidentiary hearing in order to comply with our mandate in *McIntyre VII*. McIntyre claims that our court's reasoning in *McIntyre VII* that we were unable to hold that the district court's error was harmless precluded the district court from summarily denying his motion on remand. In response, the State asserts that McIntyre is barred from presenting this argument because he raises the issue for the first time on appeal and he also invited any error.

Generally, issues not raised before the district court may not be raised on appeal. *State v. Smith*, 308 Kan. 778, 784, 423 P.3d 530 (2018). But contrary to the State's assertion, McIntyre argued the mandate rule barred summary denial of his second K.S.A. 60-1507 motion before the district court. Accordingly, McIntyre did not waive this issue.

We also find the invited-error doctrine does not prevent McIntyre from raising this issue on appeal. Whether the invited-error doctrine applies is a question of law over which we exercise unlimited review. *State v. Parks*, 308 Kan. 39, 42, 417 P.3d 1070 (2018). Under the invited-error doctrine, a party may not invite and lead a district court into error and then complain of that error on appeal. *State v. Fleming*, 308 Kan. 689, 696, 423 P.3d 506 (2018). No bright-line rule exists for applying the invited-error doctrine and courts consider the context of the party's actions in causing the alleged error when determining whether to apply the doctrine. 308 Kan. at 701. Additionally, invited error is a judicially created rule and thus "should be tailored as necessary to serve its particular purpose without unnecessarily thwarting the ends of justice." *State v. Hargrove*, 48 Kan. App. 2d 522, 553, 293 P.3d 787 (2013).

6

At a status conference in the district court, McIntyre's counsel agreed with the State and district court that the court had the ability to consider summarily denying McIntyre's second K.S.A. 60-1507 motion. But, McIntyre should not be deemed to have invited error by joining the State and district court in potentially misinterpreting the district court's powers under our appellate mandate. See *State v. Horn*, 291 Kan. 1, 10, 238 P.3d 238 (2010) ("The defendant should not be deemed to have invited error by joining with the prosecutor and trial judge in misinterpreting the court's statutory authority.").

Most importantly, McIntyre's counsel subsequently reversed his legal position and argued that the *McIntyre VII* mandate prevented summary denial. The district court considered counsel's argument but found the appellate mandate did not require a full evidentiary hearing. In reviewing McIntyre's actions in context, he did not invite any error and effectively challenged the district court's authority under the *McIntyre VII* mandate to deny his second K.S.A. 60-1507 motion without holding an evidentiary hearing.

Having rejected the State's argument that McIntyre is procedurally barred from raising the mandate argument, we will consider the merits of the claim.

K.S.A. 60-2106(c) provides that an appellate court's mandate "shall be controlling in the conduct of any further proceedings necessary in the district court." Similarly, under K.S.A. 20-108, a district court must execute any further proceedings "according to the command of the appellate court made therein." Under these statutes, a district court must follow an appellate court's mandate without exception. *State v. Kleypas*, 305 Kan. 224, 297, 382 P.3d 373 (2016). "In other words, a district court may address those issues necessary to the resolution of the case that were left open by the appellate court's mandate." *Edwards v. State*, 31 Kan. App. 2d 778, 781, 73 P.3d 772 (2003).

7

"The appellate mandate rules are a subset of judicial policy regarding law of the case and are designed to implement consistency and finality of judicial rulings." *State v. Dumars*, 37 Kan. App. 2d 600, 603, 154 P.3d 1120 (2007). Upon remand, a district court "must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *State v. Collier*, 263 Kan. 629, Syl. ¶ 4, 952 P.2d 1326 (1998). When an appellate mandate decides a particular issue—either by explicit language or by necessary implication—the district court is foreclosed from reconsidering that issue. However, if the mandate does not direct the judgment of the district court, the district court possesses discretion over the remaining trial proceedings. *Edwards*, 31 Kan. App. 2d at 781.

The interpretation of an appellate court mandate is a question of law subject to unlimited review. *Gannon v. State*, 303 Kan. 682, 702, 368 P.3d 1024 (2016). Similarly, whether a district court complied with an appellate mandate presents a question of law which we review de novo. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018). When examining a district court's actions for compliance with an appellate mandate, we look to both the language of the mandate and any attendant circumstances. *Gannon*, 303 Kan. at 703.

In considering a K.S.A. 60-1507 motion, a district court has three procedural options:

> "First, it may determine that the motion, files, and records of the case conclusively show that the movant is entitled to no relief, in which case it will summarily deny the motion. Second, the court may determine from the motion, files, and record that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the movant. Third, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial." *Mundy v. State*, 307 Kan. 280, Syl. ¶ 7, 408 P.3d 965 (2018).

8

In keeping with these procedural options, an evidentiary hearing on a K.S.A. 60-1507 motion is only required when a district court determines that the motion presents substantial issues of law or fact. 307 Kan. at 302. But if the motion, files, and records conclusively show that the movant is not entitled to relief, the district court may deny the motion without holding an evidentiary hearing.

In this case, no appellate court determined that McIntyre's motion presented substantial issues of law or fact. The district court originally denied McIntyre's motion, finding that he had no right to effective assistance of retained appellate counsel during his first K.S.A. 60-1507 motion. Our court affirmed, finding that McIntyre's motion was procedurally barred as untimely. Our Supreme Court reversed and remanded with directions to our court to address McIntyre's argument that the district court erred by finding that he had no right to effective assistance of retained counsel.

On remand, although we found that McIntyre had a statutory right to effective assistance from retained counsel, *McIntyre VII*, 54 Kan. App. 2d at 643, our court refused to find the error harmless. As a result, we reversed and remanded "with directions to consider whether McIntyre's retained appellate counsel provided ineffective assistance on appeal of the denial of McIntyre's first K.S.A. 60-1507 motion." 54 Kan. App. 2d at 643.

As previously stated, a district court may address issues necessary to resolving a case which were left outstanding by the appellate court's mandate. But the district court may not reconsider an issue which an appellate court has decided by explicit language or by necessary implication.

Our court in *McIntyre VII* did not explicitly decide whether McIntyre's K.S.A. 60-1507 motion required an evidentiary hearing upon remand. Ordinarily, an explicit ruling by the appellate court is easily identified in the opinion. *Edwards*, 31 Kan. App. 2d at 781. Unlike the mandate in *McIntyre VII*, when our court determines that a K.S.A. 60-

9

1507 motion requires an evidentiary hearing, we typically state that the case is remanded for an evidentiary hearing. See, e.g., *Harris v. State*, No. 115,185, 2017 WL 840227, at *2 (Kan. App. 2017) (unpublished opinion). In this case, instead of mandating an evidentiary hearing, we remanded with directions to the district court to consider McIntyre's claims that Fay provided ineffective appellate assistance in McIntyre's first K.S.A. 60-1507 motion. No express language in *McIntyre VII* directed that the district court conduct an evidentiary hearing or precluded a summary review of McIntyre's K.S.A. 60-1507 motion.

Our court's decision in *McIntyre VII* also did not implicitly rule that an evidentiary hearing was required on remand. We have adopted a three-pronged test for determining whether an appellate decision implicitly foreclosed further inquiry into a subject:

> "(1) the issue necessarily had to have been considered in the prior appeal in order to reach a decision; (2) consideration of the issue on remand would abrogate the appellate court's decision; or (3) the issue is so closely related to an issue explicitly resolved by the appellate court that no additional consideration is necessary." *Edwards*, 31 Kan. App. 2d at 781.

In *McIntyre VII* the State did not rebut McIntyre's claim that he had the statutory right to effective assistance of retained appellate counsel in his first K.S.A. 60-1507 motion. 54 Kan. App. 2d at 636. Instead, the State argued that any error was harmless because the record, motion, and files showed that McIntyre was not entitled to relief. Citing *Wimbley v. State*, 292 Kan. 796, 807, 275 P.3d 35 (2011), our court refused to find the error harmless, noting:

> "We decline the State's invitation to find the district court's erroneous legal conclusion to be harmless error because such a finding would require us, as an appellate court, to resolve factual matters related to the claimed ineffectiveness of retained

appellate counsel and the record on appeal is insufficient for de novo review." *McIntyre VII*, 54 Kan. App. 2d at 643.

By refusing to decide the merits of McIntyre's claims for the first time on appeal, the *McIntyre VII* court held the case did not present the extraordinary circumstances permitting it to find ineffective assistance of counsel as a matter of law without a prior determination in the district court. See *Wimbley*, 292 Kan. at 807-08. In *Wimbley*, our Supreme Court reiterated:

> "'[I]n most cases a district court must consider the evidence to determine the two-prong test for establishing ineffective assistance of counsel, which requires a defendant to show (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) defendant was prejudiced to the extent that there was a reasonable probability of success but for counsel's deficient performance.'" 292 Kan. at 807 (quoting *Trotter v. State*, 288 Kan. 112, Syl. ¶ 10, 200 P.3d 1236 [2009]).

The *Wimbley* court continued:

> "Only under *extraordinary circumstances*, *i.e.*, where there are no factual issues and the two-prong ineffective assistance of counsel test can be applied as a matter of law based upon the appellate record, may an appellate court consider an ineffective assistance of counsel claim without a district court determination of the issue." (Emphasis added.) 292 Kan. at 807.

We are persuaded that the district court faithfully executed our mandate issued in *McIntyre VII*. This conclusion is supported by our review of the transcript of the remand hearing. At the outset, the district court provided a summary of the case facts developed during the jury trial. It then reviewed the procedural history of the case highlighting the relevant legal and factual claims made by McIntyre in his postconviction proceedings. The district court then analyzed the 36 claims McIntyre unsuccessfully raised in the

11

district court that he asserted should have been appealed in his first K.S.A. 60-1507 motion. This comprehensive review comprised 18 pages of transcript. The district judge explained her detailed analysis:

> "So the reason I have gone through all of those [36 claims] is because there seems to be some argument that in the other courts that have looked at these issues, that they have not thoroughly examined Mr. McIntyre's issues that he has raised. So as far as—that is sort of all of the facts to go through and look at."

Having considered the facts underlying McIntyre's 36 claims, the district court mentioned the law relevant to ineffective assistance of appellate counsel claims. In particular, the district court noted that appellate counsel should exercise professional judgment in not presenting frivolous appellate issues and that it was appellate counsel's prerogative to present only meritorious matters to the appellate courts.

Applying the law to the facts, the district judge stated, "I can only emphasize that a number of [claims] are frivolous." The district court also related that it had reviewed the lengthy and detailed memorandum from the Honorable Sam Crowe, the federal district court judge who concluded that, although McIntyre's federal habeas corpus petition was procedurally defaulted, "he still examined [33 allegations] and found that there was just no basis or anything in any of those claims that, even if they were not defaulted, would have convinced any court that trial counsel was ineffective." See *McIntyre IV*, 2011 WL 686120. In this way—and consistent with our mandate—the district court fully considered McIntyre's claims and found there was no basis for an allegation of ineffective assistance of appellate counsel because Fay did not appeal the 36 meritless issues.

Our court's refusal to find the district court's error harmless in *McIntyre VII* did not preclude summary denial of McIntyre's K.S.A. 60-1507 motion on remand. Rather, our mandate in *McIntyre VII* directed the district court to consider whether Fay provided

12

ineffective assistance during the appeal of McIntyre's first K.S.A. 60-1507 motion. An evidentiary hearing was not required. Instead, the mandate left open the issue of whether the motion, files, and records of the case conclusively showed that McIntyre was entitled to no relief. Here, the district court conducted a lengthy hearing, considered arguments of counsel and briefing, and then concluded that McIntyre's second K.S.A. 60-1507 motion should be denied without an evidentiary hearing. We can find no error in this procedure.

Accordingly, we find the district court complied with the mandate in *McIntyre VII* when it denied McIntyre's second K.S.A. 60-1507 motion without conducting an evidentiary hearing.

### APPLICATION OF THE CORRECT LEGAL STANDARD

McIntyre also contends the district court erred when it denied his K.S.A. 60-1507 motion because it applied an incorrect legal standard. He claims the district court improperly considered whether his arguments "would have been successful on appeal" instead of having a "reasonable probability of success" when addressing whether Fay's failure to raise those arguments prejudiced McIntyre. We exercise unlimited review over whether the district court applied the correct legal standards. *Harrison v. Tauheed*, 292 Kan. 663, 677, 256 P.3d 851 (2011).

The appropriate legal standards governing McIntyre's claims of ineffective assistance of counsel are well established. To prove ineffective assistance of appellate counsel, McIntyre was required to show that "(1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful." *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

In this case, the district court found that had appellate counsel raised and briefed the 36 issues requested by McIntyre, "there is just no likelihood of success on appeal." McIntyre relies on this statement and argues that the district court applied "a more stringent 'would have succeeded on appeal' standard" when addressing the prejudice prong of his ineffective assistance claims.

McIntyre's argument ignores the district court's recitation of the proper legal standards at the remand hearing. After addressing each of the 36 claims that McIntyre argued Fay should have raised, the district court noted that McIntyre had the right to effective assistance of appellate counsel during his first K.S.A. 60-1507 motion. The district court then stated that to succeed on the claims of ineffective assistance, McIntyre needed to prove prejudice by showing "there was a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful." The district court then found that McIntyre failed to show prejudice because none of the issues that he alleged Fay should have raised had appellate merit.

The district court's recitation of the proper legal standards reveals that it was well aware of the burdens that Kansas caselaw places on a party to establish ineffective assistance of counsel. By finding that none of McIntyre's claims had merit, the district court appropriately found that McIntyre suffered no prejudice from Fay's failure to raise those claims. See *Johnson v. State*, No. 110,317, 2014 WL 5312933, at \*5 (Kan. App. 2014) (unpublished opinion) ("Johnson could have suffered no prejudice from the failure to raise points that have no legal merit."). We find that the district court applied the correct standard of review in ruling that McIntyre failed to show prejudice in the legal assistance provided by his appellate counsel.

Affirmed.