NOT DESIGNATED FOR PUBLICATION

No. 121,981

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY D. CRENSHAW,
*Appellant*.


MEMORANDUM OPINION

Appeal from Rice District Court; STEVEN E. JOHNSON, judge. Opinion filed October 30, 2020.
Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.

PER CURIAM:  Jeffrey D. Crenshaw appeals the district court's denial of his request
for a continuance at his resentencing hearing so he could "potentially" file "something"
regarding the constitutionality of lifetime parole. We find the district court did not abuse
its discretion when a prior panel of our court had only instructed the district court to
remove lifetime postrelease supervision from Crenshaw's sentence, Crenshaw had not
challenged lifetime parole in his prior appeal, and he had ample time to file something
before the hearing but could not articulate a constitutional objection. We affirm.

1

A jury convicted Crenshaw of four counts of aggravated indecent liberties with a child, one count of attempted aggravated criminal sodomy with a child, and one count of aggravated criminal sodomy. The district court sentenced him to concurrent hard 25 sentences, followed by a term of "lifetime postrelease supervision." Crenshaw's convictions were affirmed on appeal by a panel of our court in *State v. Crenshaw*, No. 116,766, 2018 WL 2994580 (Kan. App. 2018) (unpublished opinion). But it was undisputed that the district court erred by stating "postrelease supervision" rather than "parole" when announcing Crenshaw's sentence. 2018 WL 2994580, at *16. The panel ruled that Kansas statutes do not authorize district courts to impose a sentence of lifetime postrelease supervision on a hard 25 indeterminate sentence because the defendant is subject to mandatory lifetime parole. The court vacated that portion of his sentence and remanded with instructions for the district court "to vacate the defendant's sentence provisions requiring lifetime postrelease supervision." 2018 WL 2994580, at *16. Our Supreme Court denied Crenshaw's petition for review and a mandate was issued.

At the resentencing hearing, the parties agreed that the scope of the hearing was the removal of lifetime postrelease supervision from Crenshaw's sentence. The district court then modified Crenshaw's sentence, removing the requirement of lifetime postrelease supervision from the sentence. Defense counsel asked if the court was going to impose lifetime parole. The court responded that it did not need to do so because lifetime parole was automatically imposed when it imposed Crenshaw's hard 25 indeterminate sentences, regardless of whether the court so stated. Defense counsel then objected that "the mandatory lifetime post release, that has questions regarding constitutionality," and he requested a continuance of two weeks to get "something on file on that point potentially." Counsel stated he had just met with Crenshaw two days ago and needed to further review the issue. The district court denied the request for a continuance because (1) the hearing had been set for "a long, long time," (2) the Court of

Appeals had upheld Crenshaw's sentence with the exception of the lifetime postrelease supervision, and (3) the mandate had limited the scope of the resentencing hearing to the removal of that lifetime postrelease supervision.

ANALYSIS

Crenshaw appeals, contending that the district court erred in interpreting the scope of our court's mandate because the decision did not explicitly or implicitly rule that lifetime parole was constitutional. Therefore, he contends the district court could rule on the constitutionality of lifetime parole to finally dispose of the case. Crenshaw further argues that the district court abused its discretion in failing to grant Crenshaw a continuance because his attorney had only met with him two days prior and he did not have enough time to consult with counsel or formulate his motion.

Crenshaw ignores a critical detail—the Court of Appeals panel did not rule on the constitutionality of lifetime parole because he did not raise this issue at his original sentencing or in his direct appeal even though he could have.

Once a district court has acted on remand, we judge whether it has complied with the mandate rule de novo on appeal. *State v. Soto*, 310 Kan. 242, 256, 445 P.3d 1161 (2019). We review a district court's ruling on a motion for a continuance for an abuse of discretion. A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the district court judge, (2) a ruling is based on an error of law, or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based. *State v. Gentry*, 310 Kan. 715, 734, 449 P.3d 429 (2019).

In *Soto*, the court held that the mandate rule prevents district court action on remand when an issue has already been finally settled by earlier proceedings in a case and the appellate mandate has been issued. If a final settlement of an issue has occurred,

3

the district judge is not free to expand upon or revise that decision. The mandate rule does not, however, prevent a district court from doing whatever else is necessary to dispose of a case. This means the district court must not only do as the mandate directs; it must also do what is needed to settle other outstanding issues that must be decided to complete the district court's work on the case. 310 Kan. at 256.

The *Soto* court did not give district courts unlimited authority to take up issues on remand that "predated the mandate" or, in other words, issues that could have been raised earlier but were not. Rather the court gave the example of the district court taking up "issues arising from late-breaking facts"—issues arising from "'new facts'" unknown previously. *Soto*, 310 Kan. at 256.

In *State v. Salary*, 309 Kan. 479, 481-82, 437 P.3d 953 (2019), the court refused to consider claims the appellant raised at resentencing after remand that either were or could have been raised in his prior appeal.

And our court has held that if an issue could have been raised in a prior appeal but was not raised in that appeal, an appellate court should not consider the issue on a second appeal after a remand, even if the issue was not explicitly or implicitly decided on the first appeal. The reason is to encourage the finality of litigation and discourage appellants from repeatedly appealing their cases in hopes that a different panel of judges might be more sympathetic to their plight. *Edwards v. State*, 31 Kan. App. 2d 778, 781-82, 73 P.3d 772 (2003).

Here, in Crenshaw's first appeal there was no dispute that the district court's imposition of lifetime postrelease supervision was error because if Crenshaw left prison, it would be on lifetime parole. See *State v. Harsh*, 293 Kan. 585, 589-90, 265 P.3d 1161 (2011). He did not raise the constitutionality of lifetime parole in that appeal. The prior panel of our court instructed the district court to "to vacate the defendant's sentence

provisions requiring lifetime postrelease supervision." *Crenshaw*, 2018 WL 2994580, at *16. All the district court needed to do was vacate its order of lifetime postrelease supervision "without the need for further proceedings." See *State v. Becker*, 311 Kan. 176, 191, 459 P.3d 173 (2020). On remand the district court recognized that the Court of Appeals' decision had upheld Crenshaw's conviction and sentence with the one exception of the lifetime postrelease supervision. The district court did not err as a matter of law in refusing to consider the constitutionality of lifetime parole and in refusing to grant a continuance.

The district court's decision to refuse Crenshaw's request for a continuance was also not unreasonable because Crenshaw had adequate time to prepare for the hearing and could not articulate a reason why lifetime parole was unconstitutional.

In denying the continuance, the district court also ruled that the appellant had sufficient time to prepare for the hearing because it had been set for "a long, long time." Indeed, the mandate was filed July 26, 2019. The resentencing hearing was set on August 15, 2019, and held on September 25, 2019. After having such time, Crenshaw's attorney could not articulate at the hearing any reason why lifetime parole was unconstitutional or explain why meeting with Crenshaw earlier would have helped him make this legal argument. A reasonable person could agree with the court's decision to deny the continuance.

Affirmed.