IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 125,632

STATE OF KANSAS,
*Appellee*,

v.

JEROME EDWARDS,
*Appellant*.

SYLLABUS BY THE COURT

1.

The plain language of K.S.A. 21-2512 grants the district court jurisdiction to consider and act on filings made under the statute even after an appeal has been docketed.

2.

The law of the case doctrine applies to motions for DNA testing under K.S.A. 21-2512 and prevents a party from relitigating an issue already decided in the same proceeding.

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Submitted without oral argument November 3, 2023. Opinion filed March 15, 2024. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, was on the briefs for appellant.

*Michael R. Serra,* deputy district attorney, *Michael F. Kagay,* district attorney, and *Kris W. Kobach,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.:  In 2011, 2018, and 2022, Jerome Edwards filed motions in the district court under K.S.A. 21-2512 seeking DNA testing of various biological material on evidence. His 2018 and 2022 motions asked for testing of biological materials on the same two items—a cigarette butt and a bullet. The district court denied both motions, and Edwards now appeals the denial of his 2022 motion.

On appeal, Edwards argues the district court erred in applying the law of the case doctrine to deny his 2022 motion and in finding that the motion was an attempt to relitigate issues already settled through Edwards' unsuccessful 2018 motion. Edwards contends the order denying his 2018 motion can have no preclusive effect under the law of the case doctrine because the district court did not have jurisdiction over his case when it denied the motion, which means the order was void. His jurisdiction argument relies on the fact that he had an appeal pending in the same case when the judge ruled on the 2018 motion. He cites the general rule that a district court loses jurisdiction when an appeal is filed.

While we recognize this general rule, we disagree that it applies to a district court's consideration of motions under K.S.A. 21-2512. In *State v. Thurber*, 313 Kan. 1002, 492 P.3d 1185 (2021), we recognized K.S.A. 21-2512 is an exception to the general rule. We noted that K.S.A. 21-2512(a) allowed a defendant in custody for certain crimes to seek DNA testing "at any time" and "[n]otwithstanding any other provision of law." We held this plain language granted the district court jurisdiction to consider and act on a motion seeking DNA testing under K.S.A. 21-2512 even after an appeal has been docketed. 313 Kan. 1002, Syl. ¶ 5.

Today, we hold that *Thurber* controls our decision and, applying it here, we conclude the district court had jurisdiction to deny Edwards' 2022 motion. The order denying Edwards' 2018 motion became the law of the case and, because Edwards' 2018 and 2022 motions sought DNA testing of the biological material on the same evidence, the district court properly applied the law of the case doctrine to deny Edwards' 2022 motion. We thus affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Edwards convictions, which arise from the shooting of a marijuana dealer in a robbery attempt turned deadly, are developed in his prior appeals. *State v. Edwards*, 311 Kan. 879, 467 P.3d 484 (2020) (affirming denial of motion for new trial based on results of DNA testing); *State v. Edwards*, 264 Kan. 177, 955 P.2d 1276 (1998) (affirming conviction on direct appeal and remanding for nunc pro tunc correction of journal entry of sentencing). Edwards was convicted of felony first-degree murder, conspiracy to possess with intent to sell hallucinogenic drugs, and aggravated robbery.

Multiple witnesses testified they saw Edwards arrive at the residence of the victim, Donnie Smart. A struggle ensued between the two, and witnesses heard gunshots and saw Smart slump to his knees and then to the ground.

After this court affirmed Edwards' conviction and sentences on direct appeal, he mounted several collateral attacks. See *Edwards v. Roberts*, 479 Fed. Appx. 822, 2012 WL 1573619 (10th Cir. 2012); *Edwards v. State*, No. 99,868, 2009 WL 1858243 (Kan. App. 2009) (unpublished opinion), *rev. denied* May 18, 2010; *Edwards v. State*, 31 Kan. App. 2d 778, 73 P.3d 772 (2003); *Edwards v. State*, No. 83,575, 2000 WL 36746174 (Kan. App. 2000) (unpublished opinion).

3

After filing those cases, Edwards filed a motion in 2011 seeking DNA testing of blood samples, clothes, drug paraphernalia, and a broken watch. The district court granted the motion. DNA testing of some items was inconclusive or "effectively excluded" Edwards as a source of the DNA. Edwards then asked for a new trial based on the DNA results. The district court conducted an evidentiary hearing, but ultimately denied relief. The court recognized that the DNA test results favored Edwards and that no physical evidence had been admitted at trial linking Edwards to the murder. Even so, the court denied Edwards a new trial after noting that Edwards' attorney emphasized the lack of physical evidence throughout the trial, but the jury convicted him despite knowing no physical evidence linked him to the crime. The court held it was not reasonably probable the DNA test results would change the outcome of his trial because the eyewitness accounts and overall totality of the evidence provided strong evidence that Edwards committed the crimes.

Edwards filed a notice of appeal in which he sought appellate review of the district court order denying his motion for a new trial "and all other adverse or partially adverse rulings made in the course [of] the pursuit of his motion for DNA testing filed September 20, 2011." This court affirmed the district court. *Edwards*, 311 Kan. at 892.

In 2018, while Edwards' appeal of his 2011 motion was pending, he filed another pro se motion for DNA testing. This time he requested testing of two additional untested items—a bullet and a cigarette butt. The district court denied the motion, reasoning the new tests results would be cumulative and nonexculpatory even if they favored Edwards because the jury knew there was no implicating physical evidence, including DNA evidence, admitted at trial. Edwards did not appeal this denial.

In early 2022, Edwards filed yet another motion for DNA testing, which was functionally identical to the 2018 motion. The district court denied the motion, holding

4

that "Edwards' present petition is identical to his Second Petition, which was denied by this Court in April 2019. This Court will not relitigate this issue and relies on the doctrine of the law of the case to deny Edwards' request."

Edwards now appeals that ruling.

ANALYSIS

Edwards argues the law of the case doctrine cannot be applied to preclude his request for new testing. He contends the district court lost jurisdiction over his case when he filed his notice of appeal in May 2018 and thus lacked jurisdiction to deny his November 2018 motion. For support, he cites the general rule that an appeal divests the district court of jurisdiction over the case. See *State v. Thomas*, 307 Kan. 733, 749, 415 P.3d 430 (2018) ("Once the case is appealed and the appeal is docketed, the district court loses jurisdiction."). Second, he argues the statute does not restrict successive motions and does not say that res judicata or other preclusion principles apply to K.S.A. 21-2512 motions.

Questions of jurisdiction, interpretation of statutes, and application of preclusion doctrines—all of which come into play in this analysis—present issues of law. *State v. Smith*, 311 Kan. 109, 111, 456 P.3d 1004 (2020); *State v. Parry*, 305 Kan. 1189, 1194, 390 P.3d 879 (2017). Exercising our de novo review of questions of law, we reject both of Edwards' arguments.

*The District Court had Jurisdiction over the 2018 Motion*

In *Thurber*, 313 Kan. 1002, we rejected an argument like Edwards'. There, we held a district court did not lose jurisdiction over another defendant's DNA testing motion

5

even though an appeal was underway. The *Thurber* court acknowledged the general rule, subject to several exceptions, that "'once a district court enters a valid judgment and the time for appeal has expired, a district court lacks jurisdiction to consider a postconviction motion. [Citations omitted.]' *State v. Smith*, 309 Kan. 977, 981-82, 441 P.3d 1041 (2019)." *Thurber*, 313 Kan. at 1007; but see *Harsch v. Miller*, 288 Kan. 280, 285-87, 200 P.3d 467 (2009) (listing cases where district courts retained jurisdiction over portions of case even while other parts were on appeal).

The *Thurber* court held the language of the DNA testing statute created an exception to that general rule:

> "Twice, K.S.A. 2020 Supp. 21-2512 authorizes action 'notwithstanding any other provision of law'—a phrase that, when combined with the absence of any limitation on the timing of a petition ('at any time after conviction') or the timing of the district court's authority to appoint counsel for a petitioner ('at any time'), leads us to conclude that the Legislature intended to carve out K.S.A. 2020 Supp. 21-2512 as a special extension of the district court's jurisdiction." 313 Kan. at 1007.

This holding suggests that the district court had jurisdiction over Edwards' 2018 motion. But Edwards argues *Thurber* can be distinguished. He notes that *Thurber* involved a direct appeal raising issues separate from whether DNA testing should be performed. Here, both the appeal of his 2011 motion and his 2018 motion relate to DNA testing. He adds that "[n]owhere in the reasoning of *Thurber* is the suggestion that the district court retains jurisdiction of the same subject matter under appellate review." He also contends the general divestiture rule must apply when the subject of the appeal is also presented in the motion pending in the district court. Otherwise, conflicting rulings could result, creating confusion.

6

The *Thurber* court recognized the same concerns Edwards now raises. But the language of K.S.A. 21-2512, and the policy behind it, led the court to conclude the district court had authority to hear a motion even when a case is on appeal:

"The risk of procedural confusion or uncertainty—or for a district court's ruling under K.S.A. 2020 Supp. 21-2512(f) to render moot an entire ongoing direct appeal—is not insignificant. But the Legislature has decided to expand the district court's jurisdiction to proceedings under K.S.A. 2020 Supp. 21-2512, irrespective of ongoing appellate proceedings.

"We further recognize the policy goals behind such an expansion in the case of DNA evidence, which, by its very nature, is impermanent. A discussion of the likelihood of such degradation—or of the methods used by law enforcement to prevent such degradation—is far beyond the purview of this opinion. Suffice it to say that we, like the Legislature, recognize the risk that an innocent individual convicted of a crime covered by the statute could lose the ability to establish innocence via postconviction procedures due solely to the caprice of fate and time.

"Consequently, we conclude that K.S.A. 2020 Supp. 21-2512 grants continuing jurisdiction to 'the court that entered the judgment' to consider a petition for DNA testing 'at any time' following conviction and to appoint counsel 'at any time,' *regardless of other ongoing appellate proceedings*." (Emphasis added). 313 Kan. at 1008-09.

Granted, the *Thurber* court continued by restating its holding in the context of the case before it—a direct appeal without appellate finality. But that statement merely reflected the facts of the case. It did not derive from language in the statute, for there is no such limitation expressed by the Legislature. Rather, the Legislature chose broad, unrestricted language—language about "notwithstanding any other provision of the law" and "at any time." Imposing the limitation Edwards seeks would require us to add words creating an exception that would say something like "anytime, except when a case is on appeal." But courts do not add or delete words to plain language written by the

7

Legislature, and the words of K.S.A. 21-2512 are clear. See *State v. Young*, 313 Kan. 724, 728, 490 P.3d 1183 (2021) (when statute's language is unambiguous, courts do not add or ignore words).

Applying *Thurber*, we hold that the district court had jurisdiction to deny Edwards' November 2018 motion. This means the court's order became the law of the case. The remaining question is whether the district court erred by applying the law of the case doctrine to a successive motion under K.S.A. 21-2512.

*Law of the Case Can Apply to a K.S.A. 21-2512 Motion*

Edwards argues the law of the case doctrine should not be applied because K.S.A. 21-2512 does not expressly limit successive motions. In contrast, the Legislature has explicitly stated in another postconviction statute that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2023 Supp. 60-1507(c). His argument, which presumes a statute must authorize use of the doctrine, presents a legal question over which an appellate court exercises unlimited review. *Parry,* 305 Kan. at 1194. Our unlimited review is guided by the history and purpose of the doctrine.

In general, the law of the case doctrine is a discretionary preclusion doctrine courts employ to avoid indefinitely relitigating the matter at issue. *Parry*, 305 Kan. at 1194; see *State v. Collier*, 263 Kan. 629, 631-34, 952 P.2d 1326 (1998) (discussing the doctrine and its history). *Collier* explains that the doctrine derives from court decisions that date back at least to the 1800's. 263 Kan. at 631 (citing *Himely v. Rose*, 9 U.S. [5 Cranch] 313, 3 L. Ed. 111 [1809]; *Headley v. Challiss*, 15 Kan. 602, 605-06 [1875]). The doctrine applies not only to matters decided in prior proceedings, but also to matters in prior proceedings for which the party failed to seek review. *Parry*, 305 Kan. at 1195 (citing *Smith v.*

8

*Bassett*, 159 Kan. 128, Syl. ¶ 3, 152 P.2d 794 [1944]). And Kansas appellate courts have applied the doctrine in many criminal cases. See 305 Kan. at 1194 (discussing variety of cases).

Contrary to Edwards' argument, we do not see the Legislature's inclusion of the successive motion provision in K.S.A. 60-1507 as an indication that K.S.A. 21-2512 needed a statement like that in K.S.A. 2023 Supp. 60-1507(c) before a court could apply the law of the case doctrine. Edwards presents no legal or policy reasons suggesting courts cannot apply the doctrines in the absence of a statute. And we see nothing in K.S.A. 21-2512 that would prevent application of a preclusion doctrine. While the statute allows a motion to be filed at any time, thus freeing the filings from temporal limitations and from restrictions on the procedural postconviction stage at which a motion can be filed, no language explicitly permits relitigating settled issues. Further, Edwards' requested limitation would be contrary to another case in which we recognized that preclusion doctrines applied to motions under K.S.A. 21-2512.

In *State v. Bailey*, 315 Kan. 794, 510 P.3d 1160 (2022), the petitioner sought DNA testing of materials alleged to be in the State's possession. The State no longer had those materials, and the question of what was in the State's possession had already been litigated and resolved. Under those circumstances, *Bailey* held the defendant was barred from relitigating prior judicial determinations by the application of the doctrine of res judicata. 315 Kan. at 803. While the decision rested on res judicata, the *Bailey* court included language covering the law of the case doctrine as well. The court recognized that "[r]es judicata is one of three doctrines—the other two being law of the case and collateral estoppel—that put into practice the policy that courts generally will not reopen matters already decided by a court." 351 Kan. at 797.

We extend *Bailey* to hold the law of the case doctrine applies to K.S.A. 21-2512 motions and prevents a party from relitigating an issue already decided in the same proceeding. Here, Edwards' 2022 motion for DNA testing under K.S.A. 21-2512 is identical to his 2018 motion. The district court denied the motion, and it became the law of the case. The district court correctly held the law of the case doctrine precluded Edwards from relitigating the same issue through his 2022 motion for DNA testing.

Affirmed.

WILSON, J., not participating.