IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 125,925

STATE OF KANSAS,
*Appellee*,

v.

ADAM DREW HUMPHREY,
*Appellant.*

SYLLABUS BY THE COURT

1.

Substantial competent evidence must support every restitution award.

2.

K.S.A. 60-404's contemporaneous-objection rule does not apply when deciding whether properly admitted evidence supports a court's factual findings.

3.

A defendant may challenge the sufficiency of evidence supporting a restitution amount on appeal without first objecting at sentencing because the State bears the burden of establishing that amount.

Review of the judgment of the Court of Appeals in an unpublished opinion filed April 26, 2024. Appeal from Saline District Court; RENE YOUNG, judge. Oral argument held April 2, 2025. Opinion filed May 9, 2025. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is vacated, and the case is remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Ryan J. Ott*, assistant solicitor general, argued the cause, and *Kris W. Kobach*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

WALL, J.:  This appeal raises questions about the evidentiary requirements for criminal-restitution awards. After Adam Humphrey pleaded no contest to aggravated battery of a law enforcement officer, the district court ordered him to pay over $40,000 in restitution for the officer's medical bills. But the document the State presented at sentencing showed that medical expenses were less than half that amount. Humphrey did not challenge this discrepancy at sentencing. So we must now determine whether his challenge is properly preserved for appellate review and, if so, whether the evidence supports the restitution order. We agree with Humphrey on both issues:  the challenge is properly before us, and the evidence is inadequate.

FACTS AND PROCEDURAL BACKGROUND

During an August 2020 car chase, a bullet from Humphrey's vehicle struck an officer's foot. The injury required surgery to repair broken bones, torn ligaments, and nerve damage. Humphrey pleaded no contest to aggravated battery of a law enforcement officer, and the district court imposed a 247-month sentence.

At sentencing, the State sought restitution for the officer's medical bills, payable to the City of Salina. To support this request, the State presented a claim-summary document detailing $40,762.44 in total expenses across five categories:  "EXPENSE"; "IND.PPD"; "IND.TTD"; "LEGAL"; and "MEDICAL." Only $17,193.19 was explicitly

2

labeled as "MEDICAL." Though Humphrey challenged the restitution as unworkable, he did not dispute the nature of these expenses when questioned by the court. The image below shows the relevant portion of the State's claim summary:

| Class | Paid | Outstanding Reserve | Incurred |
|-------|------|---------------------|----------|
| EXPENSE | $1,879.36 | $0.00 | $1,879.36 |
| IND.PPD | $18,000.00 | $0.00 | $18,000.00 |
| IND.TTD | $87.24 | $0.00 | $87.24 |
| LEGAL | $3,602.65 | $0.00 | $3,602.65 |
| MEDICAL | $17,193.19 | $0.00 | $17,193.19 |
| Totals: | $40,762.44 | $0.00 | $40,762.44 |



On appeal, Humphrey argued that substantial competent evidence did not support the full restitution award. The Court of Appeals panel declined to reach the merits. It concluded that Humphrey's challenge was unpreserved because he didn't object at sentencing. *State v. Humphrey*, No. 125,925, 2024 WL 1827169, at *2-3 (Kan. App. 2024) (unpublished opinion).

We granted review of this issue. The court heard oral arguments from the parties on April 2, 2025. We have jurisdiction under K.S.A. 60-2101(b), which authorizes our court's review of Court of Appeals decisions.

ANALYSIS

This appeal presents two straightforward questions: (1) whether Humphrey's challenge to the restitution order is properly before us, and if so, (2) whether substantial competent evidence supports it. Our precedent readily answers these questions. We address preservation first because it determines whether we should consider the merits.

3

I.    *Neither K.S.A. 60-404 nor appellate preservation rules preclude review of Humphrey's substantial-competent-evidence challenge to the restitution amount.*

The threshold question is whether Humphrey's challenge is properly before us. The panel determined that Humphrey's issue was unpreserved for two reasons. First, it held that the contemporaneous-objection rule codified at K.S.A. 60-404 barred review. This rule limits appellate review of evidentiary challenges if the complaining party fails to make a timely and specific objection when the court admits the evidence. Second, the panel invoked our general preservation rule, which typically requires parties to raise issues below before presenting them on appeal. *Humphrey*, 2024 WL 1827169, at *3; see, e.g., *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). But neither rationale applies to Humphrey's claim.

First, the panel incorrectly applied the contemporaneous-objection rule to a challenge it was not designed to address. K.S.A. 60-404 prevents appellate courts from reversing a judgment based on the "erroneous admission of evidence" if the party failed to lodge a timely and specific objection to that evidence. But Humphrey has never contested the admissibility of the State's restitution evidence. Instead, he argues that the properly admitted evidence fails to support the court's restitution finding. The contemporaneous-objection rule does not apply when a defendant argues that properly admitted evidence fails to support a court's factual findings.

Second, the panel's preservation holding cannot be reconciled with our precedent. See *State v. Smith*, 317 Kan. 130, 526 P.3d 1047 (2023). In *Smith*, we held that substantial competent evidence must support all restitution orders, even when a defendant fails to object to the amount at sentencing. 317 Kan. at 139.

4

There the defendant stole $3,200 from bank accounts while working as a teller. But the district court ordered $4,100 in restitution. When Smith challenged the restitution amount on appeal, the Court of Appeals concluded that he had invited the error by failing to object at sentencing. 317 Kan. at 138; see *State v. Slusser*, 317 Kan. 174, 179, 527 P.3d 565 (2023) (the invited-error rule precludes a party who has led the district court into error from complaining of that error on appeal). We reversed and held that the defendant's mere acquiescence to the incorrect restitution amount did not bar appellate review. *Smith*, 317 Kan. at 139-40. On the merits, we explained that substantial competent evidence must support every restitution award and concluded that the evidence failed to meet that standard. 317 Kan. at 139-40.

The panel here gave *Smith* short shrift. It believed that *Smith*'s holding was limited to the issue of invited error and explained that "the invited error rule does not apply here." *Humphrey*, 2024 WL 1827169, at *2. The panel then adopted the State's preservation argument. But it overlooked a critical aspect of our holding in *Smith*: we reached the merits of defendant's substantial-competent-evidence challenge even though it was first raised on appeal. And this is appropriate because it holds the State to its burden of proof.

Indeed, a substantial-competent-evidence challenge to restitution operates much like a challenge to the sufficiency of evidence supporting a conviction. In both contexts, the State bears the burden of proof. See *State v. Younger*, 320 Kan. 98, 141, 564 P.3d 744 (2025) (State has burden to prove restitution). And both challenges ask whether required findings are supported by evidence sufficient to satisfy that burden of proof. Thus, defendants need not object below to preserve the challenge for appellate review. See *State v. Farmer*, 285 Kan. 541, 545, 175 P.3d 221 (2008) ("There is no requirement that a criminal defendant challenge the sufficiency of the evidence before the trial court in order to preserve it for appeal.").

We recently reached a similar conclusion in *State v. Collins*, 320 Kan. 211, 564 P.3d 393 (2025). There the panel held that the preservation rule prevented it from considering whether the State had met its burden to prove that Collins had actual knowledge of his right to appointed counsel. We reversed the panel's holding because the defendant "had no responsibility to carry *the State's burden* of proving actual knowledge." 320 Kan. at 218.

As in *Collins*, Humphrey argues that the State failed to meet its burden to prove the restitution amount. In both situations, defendants asked the appellate court to consider whether the State met its evidentiary burden on a required factual finding. So the preservation rule is no more of a bar to review here than it was in *Collins*.

The State cites several cases in support of the preservation bar. See *State v. Shank*, 304 Kan. 89, 94, 369 P.3d 322 (2016); *State v. King*, 288 Kan. 333, 356, 204 P.3d 585 (2009); *State v. Hunziker*, 274 Kan. 655, 661-62, 56 P.3d 202 (2002). But none involved substantial-competent-evidence challenges to findings that the State had the burden to prove. Most address unworkability challenges to restitution plans where defendants, not the State, bear the burden of proof. See *Shank*, 304 Kan. at 94; *King*, 288 Kan. at 358.

Since Humphrey's restitution challenge is properly before the appellate courts, we proceed to the merits.

II.     *Substantial competent evidence does not support the full restitution award.*

The district court ordered $40,762.44 in restitution "for the medical bills incurred by" the injured officer. Humphrey argues that the State's evidence shows only $17,193.19 in documented medical expenses, with the remaining $23,569.25 appearing across four unexplained categories. We agree that the record lacks substantial competent evidence to support the full award.

6

As noted, the State bears the burden of proving the restitution amount. *Younger*, 320 Kan. at 141; *State v. Dailey*, 314 Kan. 276, 278-79, 497 P.3d 1153 (2021). And substantial competent evidence must support every restitution award. *Smith*, 317 Kan. at 139. Substantial competent evidence is "'such legal and relevant evidence as a reasonable person might regard as sufficient to support a conclusion.'" *State v. Sinnard*, 318 Kan. 261, 275, 543 P.3d 525 (2024).

The State relied on a one-page, claim-summary document to support the restitution amount for the injured officer's medical bills. But that claim summary attributes only $17,193.19 to the "MEDICAL" category. The remaining $23,569.25 appears under four unexplained categories: "EXPENSE," "IND.PPD," "IND.TTD," and "LEGAL." In other words, the claim summary explicitly separates "MEDICAL" expenses from other categories. The State concedes the document "is not the paradigm of clarity" and "is confusing."

A defendant can be liable for all damages proximately caused by the crime. See *State v. Arnett*, 307 Kan. 648, 655, 413 P.3d 787 (2018) (requiring that restitution damages satisfy traditional proximate cause elements of cause-in-fact and legal causation). And it's possible that these unexplained categories of expense might be related to Humphrey's crime. But the district court specifically ordered restitution for "medical bills." And the State failed to prove that the entire $40,762.44 constitutes "medical bills incurred by" the officer. The substantial-competent-evidence standard, though a low bar, is not satisfied here.

Typically, "the State gets only one bite at the apple to prove up the amount of restitution." *Smith*, 317 Kan. at 140 (citing *Dailey*, 314 Kan. at 278-79). But as in *Smith*, "the State never got its 'one bite' because the defense acquiesced to the requested amount, forestalling any restitution hearing." *Smith*, 317 Kan. at 140. The State deserves a

meaningful opportunity to prove the restitution amount with appropriate evidence. Thus, we vacate the restitution order imposed by the district court and remand for a restitution hearing.

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is vacated, and the case is remanded with directions.

WILSON, J., not participating.