NOT DESIGNATED FOR PUBLICATION

No. 128,815

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICIA ANN TURPIN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Submitted without oral argument. Opinion filed June 5, 2026. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Amber R. Norris*, assistant county attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before CLINE, P.J., BOLTON FLEMING, J., and JEFFREY GETTLER, District Judge, assigned.

PER CURIAM: Patricia Ann Turpin pled guilty to one count of computer crime, a level 8, nonperson felony. The oral plea agreement between the parties did not include restitution. As part of Turpin's sentencing, the State requested $1,305.44 in restitution and relied solely on documents attached to the presentence investigation report (PSI) as evidence supporting its request. Turpin did not object to the PSI or the restitution request, and the district court ordered $1,305.44 in restitution. On appeal, Turpin argues that the district court erred because its order for restitution was not supported by substantial competent evidence. But we find no legal barrier that prohibited the court from

1

considering the documents attached to the PSI as evidence, and find that substantial competent evidence supported the district court's decision. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2019, Patricia Ann Turpin was hired by AMADA Senior Care to work at Patsy Duncan's residence as a home health care worker. Patsy had dementia and required in-home care. Turpin worked for Patsy only four or five days, and resigned from AMADA the following month.

In March 2020, Patsy's son, David, noticed several unauthorized charges within his mother's Intrust Bank checking account and reported the charges to law enforcement. David pointed out that a check had been written on his mother's account for $498.50 to 360 Secure Storage, LLC, located in Afton, Oklahoma (360 Secure Storage). Law enforcement contacted 360 Secure Storage, and an employee there was able to determine that the check had been used to pay for a storage unit rented by Turpin.

David identified additional unauthorized transactions within his mother's checking account. Five unauthorized payments totaling $930.08 were made to Cox Communications between December 12, 2019, and February 24, 2020. A $200.00 transfer from Patsy's bank account to an Arvest Bank account owned by Turpin occurred on February 21, 2020. Two unauthorized payments totaling $250.00 were made to Sprint between February 25, 2020, and March 9, 2020. Law enforcement corroborated the connection between the unauthorized transactions and Turpin by issuing subpoenas to Cox Communications, AMADA Senior Care, Intrust Bank, Arvest Bank, and Sprint. Law enforcement confirmed that each unauthorized payment was made to an account associated with Turpin. Law enforcement also determined that the check written to 360 Secure Storage had been forged by Turpin.

2

Turpin was first charged with mistreatment of a dependent adult or an elder person, a class A person misdemeanor. The State later amended the charges to add one count of theft, a class A nonperson misdemeanor, and one count of computer crime, a level 8, nonperson felony.

Patsy passed away in 2023 while the case was pending. In June 2024, Turpin reached an oral plea agreement with the State and pled guilty to computer crime. The State dismissed the remaining counts. The plea agreement between the parties did not address restitution.

At sentencing, the district court admitted the PSI into evidence without objection from either party. The PSI included 12 pages of attached documentation related to restitution. The documentation included PSI restitution forms; Intrust Bank account statements; a copy of the check written to 360 Secure Storage; a statement from Patsy's daughter; an email thread involving Patsy's daughter, a detective, and employee of the county attorney's office; and a bank record with notes specifying fraudulent transactions. The documents indicated a total of $1,305.44 in requested restitution.

Defense counsel did not object to the restitution request or the admissibility of the restitution documentation attached to the PSI. The district court sentenced Turpin to 9 months in prison but suspended her sentence and placed her on probation for 18 months. The district court also ordered $1,305.44 in restitution. Turpin timely appeals.

ANALYSIS

WAS THE DISTRICT COURT'S RESTITUTION ORDER SUPPORTED BY SUBSTANTIAL COMPETENT EVIDENCE?

The district court ordered $1,305.44 in restitution "to the victims in the case, as their interest may appear." Turpin argues that the district court's order was not supported by substantial competent evidence.

*Preservation*

We first note that during sentencing, defense counsel did not object to the restitution amount requested by the State. But on appeal, because this issue is framed as one of sufficiency, the lack of an objection does not prevent our review. "[A] substantial-competent-evidence challenge to restitution operates much like a challenge to the sufficiency of evidence supporting a conviction." *State v. Humphrey*, 320 Kan. 348, 351, 568 P.3d 506 (2025). Substantial competent evidence must support the district court's restitution order, even if Turpin failed to object to sufficiency at sentencing. *State v. Smith*, 317 Kan. 130, 139, 526 P.3d 1047 (2023).

*Standard of Review*

Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021). It "does not require evidence to prove a fact; rather, it simply requires evidence to sufficiently support the fact-finder's conclusion." *State v. Morley*, 312 Kan. 702, 712, 479 P.3d 928 (2021). The State bears the burden of proving restitution. *Humphrey*, 320 Kan. at 351.

4

*The district court did not err by relying upon documentation attached to the PSI as proof of restitution.*

Under Kansas law, a district court "shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime." K.S.A. 21-6604(b)(1).

As part of the preparation of the PSI, court service officers are tasked with collecting information that may aid the court in sentencing, including documentation of "harm or loss suffered by victims of the offense and the restitution needs of such victim." K.S.A. 21-6703(b)(4). And when there is a victim to the crime, the PSI must also include a "victim report" that includes "a complete listing of restitution for damages suffered by the victim." K.S.A. 21-6813(b)(3).

Here, Turpin argues that the State cannot rely solely on the documentation required by K.S.A. 21-6703(b)(4) and K.S.A. 21-6813(b)(3), which was attached to the PSI, to prove restitution. Turpin maintains that the plain language of K.S.A. 21-6813 does not allow a PSI to meet the State's burden of proving a restitution amount. Turpin acknowledges that the statute requires a court services officer to prepare the restitution report that is attached to the PSI, and that this report "shall include a complete listing of restitution for damages suffered." K.S.A. 21-6813(b)(3). But Turpin argues that K.S.A. 21-6813 does not say that this report, without further evidence, satisfies the State's burden of proving restitution.

Turpin believes that a comparison of statutory language related to criminal history supports her argument. She points out that under K.S.A. 21-6814(b), unless a defendant objects to the criminal history found in the PSI, "the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history." K.S.A. 21-6814(b). Turpin reasons that the

5

Kansas legislature clearly knows how to dictate when the PSI satisfies a burden of proof and did not provide that option when it comes to restitution. See *Cady v. Schroll*, 298 Kan. 731, 749, 317 P.3d 90 (2014) ("[T]he language in one statute may illustrate that the legislature knows how to state something that is omitted in another statute.").

While K.S.A. 21-6813 does not specifically allow the State to meet its burden of proof for restitution through documentation attached to the PSI, the statute also does not explicitly prevent that practice. As Turpin points out, "courts do not add or delete words to plain language written by the Legislature." *State v. Edwards*, 318 Kan. 567, 572, 544 P.3d 815 (2024). Turpin cites no statutory language or legal authority that *prohibits* the State from solely relying upon documentation attached to the PSI to prove restitution if the documentation is otherwise admissible as evidence.

Turpin's argument fails to consider that under K.S.A. 60-401(a), documents attached to the PSI may be admitted as evidence proving restitution because from them, "inferences may be drawn as a basis of proof." We also note that Turpin did not lodge any evidentiary objection during sentencing. "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." K.S.A. 60-404. Because the documents were generally admissible under K.S.A. 60-401(a), and because Turpin did not otherwise object to their admissibility, Turpin's argument that the documentation attached to the PSI could not solely form the basis of a restitution order is without merit.

*Substantial competent evidence supports the district court's restitution order.*

As to sufficiency, Turpin cites two cases in passing as examples of where the district court's restitution order was not based on substantial competent evidence—but

6

both of those cases pertained to a lack of evidence as to the amount of restitution. See *Humphrey*, 320 Kan. at 351-53 (holding State only documented $17,193.19 of $40,762.44 in requested restitution); *Smith*, 317 Kan. at 130 (holding evidence at trial was that defendant had stolen only $3,200 of $4,100 requested as restitution).

"The appropriate amount of restitution is that which compensates the victim for the actual damage or loss caused by the defendant's crime. The most accurate measure of this loss depends on the evidence before the district court." *Smith*, 317 Kan. at 139. And a district court's factual findings related to the causal link between the defendant's actions and the victim's loss are reviewed for substantial competent evidence. *State v. Arnett*, 307 Kan. 648, 653, 413 P.3d 787 (2018).

Here, there is no factual dispute over the amount of restitution or that it was causally connected to Turpin's actions. The documentation attached to the PSI establishes a restitution request in the amount of $1,305.44 and provides evidentiary support for that request. While courts do require meaningful proof of actual losses causally connected with the defendant's crime, here the State provided that proof by offering the documents attached to the PSI as evidence without any objection from Turpin. See *Humphrey*, 320 Kan. at 353.

*Turpin's "foundation" argument is not properly before us.*

Finally, we note that Turpin raises the evidentiary issue of foundation for the first time in her reply brief. Turpin argues that the proponent of evidence is required to lay a foundation, citing *State v. Banks*, 306 Kan. 854, Syl. ¶ 6, 397 P.3d 1195 (2017). Turpin argues that no foundation was laid at the sentencing hearing and therefore, the PSI documents should not have been admissible as evidence. Importantly, Turpin made no evidentiary objection to the admission of these documents at sentencing.

Turpin's argument fails for three reasons. First, Turpin's argument was raised for the first time in her reply brief. Kansas Supreme Court Rule 6.05 (2026 Kan. S. Ct. R. at 37) provides that a reply brief is reserved for responding to new material in the appellee's brief. An appellant may not raise new issues in a reply brief. See *State v. McCullough*, 293 Kan. 970, 984-85, 270 P.3d 1142 (2012) ("'A reply brief is an inappropriate vehicle for raising additional issues.'").

Second, our preservation rules require a party to raise issues in district court before presenting them on appeal. *Humphrey*, 320 Kan. at 350. Turpin provides no explanation as to why this issue was not raised below or that an exception to our preservation rules applies. Thus, we need not consider Turpin's argument on appeal.

Finally, the contemporaneous objection rule codified in K.S.A. 60-404 bars review. This rule limits appellate review of evidentiary challenges if the complaining party fails to make a timely and specific objection before the district court. Here, Turpin made no objection during her sentencing to either the restitution amount or the PSI, including the attached documents. For these reasons, we will not consider Turpin's argument that the documents attached to the PSI lacked foundation.

Without a properly preserved evidentiary objection, we see no legal reason why the district court could not solely rely on the documentation attached to the PSI as proof of restitution. We find the district court's order for restitution was supported by substantial competent evidence.

Affirmed.